UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL CHANG, | Case No. 2:15-CV-2209 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| ROYAL PACIFIC OF LAS VEGAS, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Royal Pacific of Las Vegas, LLC's motion to dismiss. (ECF No. 6). Plaintiff Michael Chang filed a response. (ECF No. 11). Royal Pacific did not file a reply and the deadline to do so has passed.

## I.   Background

Royal Pacific of Las Vegas, LLC ("Royal Pacific"), is a Nevada corporation previously known as Royal Pacific Enterprises, LLC. (ECF No. 11). In March 2010, plaintiff Michael Chang was hired by Royal Pacific Enterprises. (*Id.*) Shortly thereafter, Scott Dortch and Susan Dortch purchased the company and officially formed Royal Pacific of Las Vegas, LLC. (*Id.*). The former owners, from whom the Dortches bought the company, were of Asian descent. (*Id.*).

After the business was sold to the Dortches, numerous disputes and lawsuits arose between them and the former owners. (*Id.*) The Dortches alleged the former owners did not honor a non-compete clause. (ECF No. 1). The Dortches were also made part of actions for the debt of the former owners. (*Id.*). Meanwhile, plaintiff stayed in contact with the former owners. (*Id.*).

As a result of these disputes, plaintiff alleges Scott Dortch, who hired and terminated employees, began to dislike people of Asian and Chinese descent. (*Id.*). To demonstrate this,

James C. Mahan
U.S. District Judge

plaintiff alleges that on more than one occasion he overheard Dortch referring to the former owners as "chink" or "that stupid chink." (ECF No. 1 at 29).

In 2015, plaintiff was officially terminated from the corporation. (ECF No. 11). Plaintiff claims he was the most productive employee at the company at that time, having recently secured numerous large contracts. (*Id.*). He claims the termination was a "complete shock." (ECF No. 11 at 11). Plaintiff also claims Dortch told him the company was in bad financial shape. (ECF No. 1 at 23). But according to the plaintiff, Dortch immediately hired another sales person within two days. (ECF No. 11).

Plaintiff now brings the current action for race and national origin discrimination in violation of Title VII. (ECF No. 1).

**II.      Legal standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.*

1   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*

2   at 678. Where the complaint does not permit the court to infer more than the mere possibility of

3   misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

4   at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible,

5   plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

6        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

7   1216 (9th Cir. 2011). The *Starr* court held,

> 8    First, to be entitled to the presumption of truth, allegations in a complaint or
>      counterclaim may not simply recite the elements of a cause of action, but must
> 9    contain sufficient allegations of underlying facts to give fair notice and to
>      enable the opposing party to defend itself effectively.  Second, the factual
> 10   allegations that are taken as true must plausibly suggest an entitlement to relief,
>      such that it is not unfair to require the opposing party to be subjected to the
> 11   expense of discovery and continued litigation.

12  *Id.*

13  ## III.   Discussion

14       Defendant moves to dismiss the complaint on grounds that plaintiff's allegations do not

15  support a Title VII cause of action. (ECF No. 6). Defendant argues that the claim has not been

16  properly pled because (1) racist remarks and ambiguous comments that are not directly tied to

17  employment discrimination are insufficient to plead race discrimination and (2) the plaintiff's

18  insufficient pleading means the defendant has no burden of showing the termination was not

19  discriminatory. (ECF No. 6).

20       Plaintiff counters that his complaint is sufficiently pled because (1) biased remarks about

21  race can plausibly indicate discriminatory bias, (2) the complaint sufficiently pleads direct

22  discrimination, and (3) even if the complaint does not sufficiently plead direct discrimination,

23  indirect discrimination is properly pled under the *McDonnell Douglass* standard, which requires

24  the plaintiff show only that termination was more likely than not motivated by racial bias. (ECF

25  No. 11).

26       To successfully plead a prima facie case of discrimination on the basis of national origin,

27  a plaintiff must demonstrate that: "(1) he belonged to a protected class; (2) he was qualified for his

28  job; (3) he was subjected to an adverse employment action; and (4) similarly situated employees

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   not in his protected class received more favorable treatment." *Kang v. U. Lim America, Inc.*, 296
2   F.3d 810, 818 (9th Cir. 2002).

3       A plaintiff must properly plead direct or circumstantial allegations of discriminatory
4   termination. *Reeves v. Sanderson Plumbing Products, Inc*, 530 U.S. 133, 142 (2000). When this
5   occurs, the burden shifts to the defendant to show plaintiff was terminated for a non-discriminatory
6   reason and the complaint survives the motion. *Id.*

7       A plaintiff must also plead intent; this may be inferred from allegations of direct or
8   circumstantial discriminatory termination. *See Kang*, 296 F.3d at 818. The pleading must
9   demonstrate that "a discriminatory reason more likely than not motivated" the defendant and that
10  the defendant's actions adversely affected the plaintiff in some way. *McGinest v. GTE Service*
11  *Corp.,* 360 F.3d 1103, 1121 (9th Cir. 2004).

12      Plaintiff sufficiently pleads the first and second elements in his complaint. Plaintiff pleads
13  he is Asian American of Chinese descent, which places him in a protected class. (ECF No. 1 at
14  18–19). Plaintiff next alleges that he was qualified for the job by stating he was a "top sales person
15  for Royal Pacific and brought in loads of business for defendant including major accounts such as
16  the Wynn, Hard Rock Café and Hotel, Toby Keith's Bar and various gun stores in town," and that
17  he "increased his sales from the previous year an average of 35 to 40 percent." (ECF No. 1 at 20–
18  21).

19      With respect to the third element, plaintiff pleads that he was fired and subject to adverse
20  employment action. The Ninth Circuit recognizes termination as an example of adverse
21  employment action. *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). Plaintiff states he was
22  in "complete shock" when he was told he would be terminated. (ECF No. 1 at 22, 25).
23  Consequently, the third element is properly pled.

24      The fourth element requires plaintiff to allege that similarly situated employees received
25  more favorable treatment. Plaintiff states that he was the only Asian or Chinese person working at
26  the company and was terminated in-spite of his work performance. He claims that he even agreed
27  to forego pay for three months so the business could "get back on its feet." (*Id.*). Evaluating the
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

totality of circumstances alleged, plaintiff plausibly pleads that he received less favorable treatment than similarly situated employees who were not terminated.

To show intentional discrimination, plaintiff states that Dortch referred to the former owners of Royal Pacific as "chinks" and had no reason to fire him beyond race. (ECF No. 1). As a general rule, bigoted remarks by a member of senior management may show discrimination, even if directed at someone other than the plaintiff. *See Metoyer v. Chassman,* 504 F.3d 919, 937 (9th Cir. 2007) (citing *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1149 (9th Cir. 1997). Thus, plaintiff's combined allegations of racial comments in combination with the circumstances surrounding his termination meet the plausibility standard. Because the court finds the complaint sufficiently pleads direct discrimination to survive the motion to dismiss, the court need not look to the *McDonnell Douglass* standard. Therefore, the complaint survives the motion to dismiss.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Royal Pacific of Las Vegas, LLC's motion to dismiss the complaint (ECF No. 6) be, and the same hereby is, DENIED, consistent with the foregoing.

DATED August 2, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -